Paul H. Krueger, OSB #80292
wrogers@paulkruegerlaw.com
PAUL KRUEGER LAW FIRM, PC
4380 SW Macadam Avenue, Suite 310
Portland, OR 97239
Telephone:    (503) 222-0226
Facsimile:    (503) 222-0733
       Of Attorneys for Defendant
       Linda L. Charriere


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PROVIDENCE HEALTH PLAN**, an Oregon nonprofit corporation, | Case No.:  3:08 CV'08-872 HU |
| Plaintiff | **DECLARATION OF PAUL H. KRUEGER** |
| vs. | |
| **LINDA L. CHARRIERE** and **PAUL H. KRUEGER LAW FIRM, P.C.**, | |
| Defendants. | |

_____

I, Paul H. Krueger, do hereby state as follows:

This declaration is made in support of the motion for summary judgment of defendant Linda L. Charriere.

The deposition of Cathleen Warren, financial transaction specialist for the plaintiff, Providence Health Plan ("Providence") was conducted on June 16, 2009.  True copies of

1  – **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

excerpts from the written transcript of Ms. Warren's deposition, are attached hereto as Exhibit "A".

During the course of her deposition testimony, Ms. Warren verified that, in seeking reimbursement of any health care benefits previously directed to, or for the benefit of defendant Linda Charriere, Providence had elected to seek reimbursement through the remedy of inter-insurer reimbursement, as is provided under the Oregon Insurance Code at ORS 742.534.[1]

At no point has Ms. Warren, or anyone else acting in behalf of Providence, made known its election to seek the recovery previously paid health insurance benefits by way of lien as is provided under Oregon Statute, ORS 742.536.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Respectfully submitted this 10th day of July, 2009.


PAUL KRUEGER LAW FIRM, P.C.

_____/s/ Paul H. Krueger_____
Paul H. Krueger, OSB 80292
wrogers@paulkruegerlaw.com
Telephone:     (503) 222-0226
Facsimile:     (503) 222-0733

Of Attorneys for Defendant Linda Charriere

_____

1 Dep. Of Cathleen Warren, 44:12-21, 129:2, 131:4 (June 16, 2009).*See also*, Ex.'s 101 and 102.

2  – **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Paul H. Krueger, OSB #80292
wrogers@paulkruegerlaw.com
PAUL KRUEGER LAW FIRM, PC
4380 SW Macadam Avenue, Suite 310
Portland, OR 97239
Telephone:    (503) 222-0226
Facsimile:    (503) 222-0733
          Of Attorneys for Defendant
          Linda L. Charriere

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PROVIDENCE HEALTH PLAN**, an Oregon nonprofit corporation, | Case No.:  3:08 CV'08-872 HU |
| Plaintiff | **DEFENDANT CHARRIERE'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | **REQUEST FOR ORAL ARGUMENT** |
| **LINDA L. CHARRIERE** and **PAUL H. KRUEGER LAW FIRM, P.C.,** | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Linda Charriere moves for

summary judgment against the Complaint and request this court to dismiss all claims of

Plaintiff, Providence Health Plan with prejudice.

1  - **DEFENDANT CHARRIERE'S MOTION FOR SUMMARY JUDGMENT**

This motion is supported by the Concise Statement of Facts with attached exhibits, the Affidavit of Paul H. Krueger and the Defendants' Memorandum in Support of Motion for Summary Judgment filed contemporaneously herein.

Pursuant to LR Rule 7.1(A), I certify that I made a good faith effort to confer with plaintiffs' counsel via telephone regarding Defendant's Motion for Summary Judgment on July 9, 2009. Plaintiffs' counsel was unable to stipulate to a voluntary dismissal of this action.

Respectfully submitted this 10th day of July, 2009.

DATED: July 10, 2009.

PAUL KRUEGER LAW FIRM, P.C.

_____

Paul H. Krueger, OSB 80292
wrogers@paulkruegerlaw.com
Telephone:      (503) 222-0226
Facsimile:      (503) 222-0733

Of Attorneys for Defendant Linda Charriere

## CERTIFICATE OF MAILING

I certify that on July 7, 2009, I served or caused to be served a true and complete copy of the foregoing **DEFENDANT CHARRIERE'S MOTION TO ENLARGE THE TIME IN WHICH TO COMPLETE DISCOVERY** on the party or parties listed below as follows:

> Arden J. Olson
> Harrang Long Gary Rudnick, PC
> 360 East 10th Avenue, Suite 300
> Eugene, OR 97401
>      Of Attorneys for Plaintiff Providence Health Plan

> John A. Riherd
> Harrang Long Gary Rudnick P.C.
> 1001 SW Fifth Ave., 16th Floor
> Portland, OR 97204

__X__ First Class Mail, postage prepaid and deposited in the United States Mail

__X__ Email:  arden.j.olson@harrang.com

__X__ Email:  john.riherd@harrang.com

_____ Delivered Personally

_____ Delivered via messenger service

_____ Caused to be delivered personally by a member of my staff.

_____ Via facsimile transmission to: _____

Paul H. Krueger
wrogers@paulkruegerlaw.com
Telephone:    (503) 222-0226
Facsimile:    (503) 222-0733

Of Attorneys for Defendant Linda Charriere

Paul H. Krueger, OSB #80292
wrogers@paulkruegerlaw.com
PAUL KRUEGER LAW FIRM, PC
4380 SW Macadam Avenue, Suite 310
Portland, OR 97239
Telephone:    (503) 222-0226
Facsimile:    (503) 222-0733
        Of Attorneys for Defendant
        Linda L. Charriere

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PROVIDENCE HEALTH PLAN**, an Oregon nonprofit corporation, | Case No.:  3:08 CV'08-872 HU |
| Plaintiff | **DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACT** |
| vs. | |
| **LINDA L. CHARRIERE** and **PAUL H. KRUEGER LAW FIRM, P.C.**, | |
| Defendants. | |

Pursuant to LR 56.1, defendant Charriere presents the following statement of undisputed facts:

1.  Plaintiff, Providence Health Plan (hereinafter "Providence"), provided health insurance
    to defendant Linda Charriere at all relevant times through her husband's employer's
    group plan. Pl.'s Compl. at para 7.

**1 CONCISE STATEMENT OF MATERIAL FACT**

2.  Defendant Charriere suffered extensive injuries when she was involved in a motor vehicle accident July 11, 2007.

3.  Providence paid Ms. Charriere's medical expenses related to the motor vehicle accident pursuant to the terms of the health insurance plan.  Pl.'s Compl. at para 8.

4.  Charriere and her attorney's recovered a total of $100,000 from State Farm Mutual Automobile Insurance Company ("State Farm"), who insured both the at-fault driver and Ms. Charrier. Pl.'s Compl. at para 9.

5.  Prior to the settlement, Providence's agent, Kathleen Warren sought reimbursement, pursuant to the remedy provided under ORS 742.534 for inter-insurer reimbursement. The health insurer's election of remedies was verified by way of two separately written letters. *See*, Ex.'s 101 and 104 to the Dep. of Kathleen Warren, June 16, 2009 and Dep. of Kathleen Warren 44:12-21 and 129:2-131:4, June 16, 2009.

6.  The letters were produced in the normal course of Ms. Warren's business activity and she was the person responsible for producing such letters.  Dep. of Kathleen Warren 44:1-9, June 16, 2009.

7.  On February 5, 2008, Ms. Warren directed a letter to Ms. Charriere in which she notified Ms. Charriere that Providence was electing to seek recovery of benefits paid on her behalf directly from State Farm. *See*, Ex. 103 to the Dep. of Kathleen Warren, Juen 16, 2009  and Dep. of Kathleen Warren 130:21-131:4.

8.  Kathleen Warren, nor anyone else acting in their capacity as a representative from Providence, ever provided plaintiff or her attorney's with notice of its intent to seek reimbursement of medical expenses paid on Ms. Charriere's behalf, by way of lien as required by ORS 742.536.  *See*, Aff. of Paul H. Krueger.

**2 CONCISE STATEMENT OF MATERIAL FACT**

Respectfully submitted this 10TH day of July, 2009.

**PAUL KRUEGER LAW FIRM, P.C.**

Paul H. Krueger, OSB 80292
wrogers@paulkruegerlaw.com
Telephone:    (503) 222-0226
Facsimile:    (503) 222-0733

Of Attorneys for Defendant Linda Charriere

## CERTIFICATE OF MAILING

I certify that on July 10, 2009, I served or caused to be served a true and complete copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the party or parties listed below as follows:

>Arden J. Olson
>Harrang Long Gary Rudnick, PC
>360 East 10th Avenue, Suite 300
>Eugene, OR 97401
>>Of Attorneys for Plaintiff Providence Health Plan

>John A. Riherd
>Harrang Long Gary Rudnick P.C.
>1001 SW Fifth Ave., 16th Floor
>Portland, OR 97204

__X__ First Class Mail, postage prepaid and deposited in the United States Mail

__X__ Email: arden.j.olson@harrang.com

__X__ Email: john.riherd@harrang.com

_____ Delivered Personally

_____ Delivered via messenger service

_____ Caused to be delivered personally by a member of my staff.

_____ Via facsimile transmission to: _____

>Paul H. Krueger
>wrogers@paulkruegerlaw.com
>Telephone:    (503) 222-0226
>Facsimile:    (503) 222-0733

>Of Attorneys for Defendant Linda Charriere

**4 CONCISE STATEMENT OF MATERIAL FACT**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PROVIDENCE HEALTH PLAN,

an Oregon nonprofit

corporation,

              Plaintiff,

     v.                          Case No. 3:08-CV-0872-HU

LINDA CHARRIERE and

PAUL H. KRUEGER LAW

FIRM, P.C.,

              Defendants.



     DEPOSITION OF KATHLEEN WARREN

          June 16, 2009

Kathleen Warren                                    June 16, 2009

Page 44

 1            cover some background.  The document that you have in

 2            front of you as Exhibit 101, was this produced in the

 3            normal course of your business activity?

 4    A.      Yes.

 5    Q.      Were you the person whose job responsibility it is to

 6            produce letters, such as the one you have in front of

 7            you as Exhibit 101, for the purpose of putting another

 8            insurance carrier on notice?

 9    A.      Yes.

10    Q.      When you use the term "on notice", what are you

11            intending to describe?

12    A.      That we are the health insurance carrier.  That we

13            have paid related claims for this injury.  And that we

14            would be requesting direct reimbursement from State

15            Farm, or whatever insurance company it is, based on

16            our -- or based on the contract for direct insurer to

17            insurer reimbursement.  Identifying the dollar amounts

18            that we paid out.  Providing them with an itemized

19            ledger.  Asking them to notify us if they received

20            this information.  Let us know if there's any dispute.

21            And contact us for a final lien.

22    Q.      You've essentially read the letter.

23            Have you ever looked at the statutory language

24            that you referred to in your letter that we've marked

25            as Exhibit 101?

Kathleen Warren                                    June 16, 2009

Page 129

1           (Exhibit No. 104 marked.)

2   Q.   I'm going to hand you Exhibit 104.  Do you recognize

3        that letter?

4   A.   Yes.

5   Q.   This is a letter that bears the same date as Exhibit

6        103.  Is that correct?

7   A.   Yes.

8   Q.   What is this letter?

9   A.   This letter is to State Farm requesting recovery from

10       the UIM claim.

11  Q.   This would have been the UI -- excuse me -- this would

12       have been the claim for inter-insurer reimbursement

13       that had been initiated with your submission of the

14       letter that we have marked and discussed earlier as

15       Exhibit 101?

16  A.   That one is for bodily injury claim.  This is for a

17       UIM claim.  Is that what you're asking?

18  Q.   Is that what your understanding of the two letters

19       are?

20  A.   One is referencing the bodily injury claim for direct

21       reimbursement.  And one is referencing the UIM claim

22       for direct reimbursement, and actually a settlement or

23       a recovery check.

24  Q.   And, again, you reference a specific statutory

25       recovery.

Kathleen Warren                                      June 16, 2009

Page 130

1   A.    Yes.

2   Q.    Again, the reference that is made in your letter is

3         ORS 742.534?

4   A.    Yes.

5   Q.    If it wasn't clear in your prior letter of October 29,

6         2007, this letter would have made it abundantly clear

7         to State Farm that you were seeking recovery under

8         that statutory provision.

9   A.    It would make it clear to the adjusters for each of

10        the State Farm policies that we were requesting

11        insured to insured reimbursement.

12  Q.    Statutory provision is the same.  742.534.  Is that

13        correct?

14  A.    Yes.

15  Q.    The remedy provided under that statute is the same,

16        insurer to insurer direct reimbursement?

17  A.    Yes.

18  Q.    And in this case, you're specifically directing them

19        on how to make the checks out.

20  A.    Yes.

21  Q.    You're not looking to your member, Linda Charriere, to

22        agree or disagree with your proposed distribution?

23  A.    No.

24  Q.    In fact, if we read this letter in conjunction with

25        the letter that was directed to your insured on the

1          same date, would I be correct in understanding that

2          Exhibit 103 was directed to your insurer for the

3          purpose of saying, this is how it's going to be?

4     A.   Yes.

5     Q.   Do you remember consulting with any other authority

6          within the organization before you would have

7          published your letter of February 5th, 2008; the

8          letter we have in front of us as Exhibit 104?

9     A.   I don't remember.

10    Q.   What is your educational background?

11    A.   I graduated from high school.  I went to college for

12         two years.  And I've taken classes within my

13         employers.

14    Q.   Where did you go to high school?

15    A.   Hillsboro High School.

16    Q.   That's where you graduated?

17    A.   Yeah.

18    Q.   What year?

19    A.   '69.

20    Q.   And did you attend college?

21    A.   I went back to college when I was 22, 23.

22    Q.   Where did you go?

23    A.   Portland Community College.

24    Q.   Did you receive any kind of degree or certificate as a

25         result of your attending college at Clackamas

Kathleen Warren              June 16, 2009

Page 139

1                   CERTIFICATE

2

3        I, Julie Stinson, CSR No. 03-0385, do hereby

4    certify that, KATHLEEN WARREN personally appeared

5    before me at the time and place mentioned in the

6    caption herein; that the witness was by me first

7    duly sworn on oath, and examined upon oral

8    interrogatories propounded by counsel; that said

9    examination, together with the testimony of said

10   witness, was taken down by me in stenotype and

11   thereafter reduced to typewriting; and, that the

12   foregoing transcript, Pages 1 to 138, both

13   inclusive, constitutes a full, true and accurate

14   record of said examination of and testimony given by

15   said witness, and of all other proceedings had

16   during the taking of said deposition, and of the

17   whole thereof, to the best of my ability.

18       Witness my hand at Tigard, Oregon, this 6th day

19   of July, 2009.

20

21

22               _____

23               Julie Stinson

24                 CSR No. 03-0385

25



October 29, 2007

P.O. Box 4327
Portland, Oregon  97208-4327

State Farm Insurance
PO Box 221
Dupont, WA  98327

Our Insured: Linda K. Charriere
ID No.: 100364262-01
DOI: 7/11/2007
Your Insured:  Michael D. Arthur
Your Claim #:  373809978

Dear Lisa McAlpine:

As you know, ORS 742.534 requires an authorized motor vehicle liability insurer, whose insured is or would be held legally liable for damages, to reimburse the health insurer directly for the benefits the health insurer has so furnished. *If you intend to dispute liability or medical causation in this case, please advise me as soon as possible so that issues can be satisfactorily addressed.*  This letter will serve as Providence Health Plan's demand under that statute for direct insurer to insurer reimbursement.

Our lien presently totals $231,323.39 and consists of the claims shown on the enclosed itemized ledger. If you intend to dispute liability or medical causation in this case, please advise me as soon as possible so that issues can be satisfactorily addressed.

Please be certain to contact me prior to making any final settlement agreement, so that I can provide you with a final summary of any payments we may make for this injury.  *To ensure that PHP's interest is protected, we ask that a separate draft be issued to PHP for the payments it has made.*

Please contact me if you have any questions or need any additional information.  Thank you.

Sincerely,

Kathleen Warren
Financial Transactions/TPL
Phone (503) 574-5631
Fax# (503) 574-8621
PROVIDENCE HEALTH PLANS

Enclosures

CC: Linda K. Charriere





Providence | Health Plans

February 5, 2008

P.O. Box 4327
Portland, Oregon
97208-4327

State Farm Insurance
PO Box 221
Dupont, WA  98327

Our Insured/Your Client: Linda K. Charriere
Member ID No.: 100364262-01
DOI: 7/11/07
Your Claim#: 37-3809-931 for Underinsured

Dear Adjuster:

This letter will serve as Providence Health Plan's demand under the statute ORS 742.534 for direct
insurer to insurer reimbursement for the underinsured claim in the amount of $50,000.00.

We ask that a check be issued to Providence Health Plan's for a portion of the $50,000.00
underinsured claim, in the amount of $44,000.00.  This will provide partial recovery of our losses
shown on the enclosed lien ledger totaling $242,018.15.  Please make your check payable to
Providence Health Plan's.  I have enclosed a self addressed envelope and asked that you send this to
my attention.

  We asked that a separate check for $6,000.00 be issued to Linda K. Charriere and mailed directly to
her.  This should exhaust the limits the underinsured claim.

Please let me know if you need any additional information.  Thank you for your courtesy.

Sincerely,

Kathleen Warren

Kathleen Warren
Financial Transactions/TPL
Phone: (503) 574-5631
Fax:  (503) 574-8621
PROVIDENCE HEALTH PLANS

Enclosures

Cc: State Farm Bodily Injury claim 37-3809-978/adjuster Lisa
    Linda K. Charriere


EXHIBIT
104
6/16/09  Warren



February 5, 2008

P.O. Box 4327
Portland, Oregon
97208-4327

LINDA L. CHARRIERE
25730 S. TIBBS WAY
ESTACADA, OR 97023

Member ID#: 100364262-01
Date of Injury: 7/11/2007

Dear Mrs. Charriere,

The information we received from the physicians indicate that your orthopedic and abdominal injuries have healed and the only noted future concern was a possible limit of activity and speed in walking due to the ankle injury.

I want to provide you with details of Providence Health Plans purposed offer of settlement of our subrogation lien with State Farm Insurance. State Farm currently is holding a $50,000.00 bodily injury policy under their insured Michael Arthur and a $50,000.00 underinsurance policy for you. These two policies total $100,000.00.

Our current medical lien totals $242,018.15 which exceeds the $100,000.00 available State Farm polices. I have enclosed the lien ledger for your reference. It is our rights to keep the entire $100,000.00 which would allow Providence to recover a portion of our loss, reducing the current loss to $142,018.15.

We have no legal obligation to allow you to recover any out of pocket losses. However we want to provide financial assistance with the following items, 2007 out of pocket expenses of $1585.00; 2008 deductible and out of pocket of $250.00 and $1700.00; $120.00 for gasoline used in travel; $800.00 for the ramp that was initially build; and $800.00 in co-pays for pharmacy submitted to Providence. This would allow you compensation totaling $5255.00, which I will allow up to $6000.00.

As Providence language has an exclusion for future related medical claims an exception will be made to allow for continued care and medical treatment related to injuries sustained from your motor vehicle accident of 7/11/07.

We are in the process of subrogation settlement with State Farm and will ask them to issue and mail directly to you a separate check in the amount of $6000.00.

Sincerely

Kathleen Warren
Financial Transactions/TPL
Phone# 503-574-5631
Providence Health Plans

Enclosures
cc : State Farm Bodily Injury claim# 37-3809-978/Lisa
      State Farm Underinsured claim# 37-3809-931



EXHIBIT

103

6/16/09  QJ  Warren

Paul H. Krueger, OSB #80292
wrogers@paulkruegerlaw.com
PAUL KRUEGER LAW FIRM, PC
4380 SW Macadam Avenue, Suite 310
Portland, OR 97239
Telephone:    (503) 222-0226
Facsimile:    (503) 222-0733
        Of Attorneys for Defendant
        Linda L. Charriere

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PROVIDENCE HEALTH PLAN**, an Oregon nonprofit corporation, | Case No.:  3:08 CV'08-872 HU |
| Plaintiff | **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| **LINDA L. CHARRIERE** and **PAUL H. KRUEGER LAW FIRM, P.C.**, | |
| Defendants. | |

## I. INTRODUCTION

Defendant Linda Charriere moves for summary judgment against plaintiff's complaint requesting this court to enter a dismissal, with prejudice, of all of plaintiff's claims against this defendant.

1  – **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## II. <u>SUMMARY OF FACTS</u>

Plaintiff, Providence Health Plan (hereinafter "Providence"), has provided health insurance to defendant Linda Charriere at least since July 11, 2007, through her husband's employer's group plan. Pl.'s Compl. at para. 7. Defendant Charriere suffered extensive injuries when she was involved in a motor vehicle accident July 11, 2007. In connection with her injuries, Providence Health Plan paid Ms. Charriere's medical expenses pursuant to the terms of the health insurance plan.

Charriere and her attorneys collected a total of $100,000 from the State Farm Mutual Automobile Insurance Company ("State Farm"), a carrier that insured both the at-fault driver, and provided underinsured motorist benefits to Ms. Charriere. Plaintiff filed the present lawsuit seeking to recover the proceeds of the settlement, minus any out of pocket expenses, in reimbursement for medical expenses paid under the terms of the health plan. Pl's Compl. at para. 13.

Prior to the above referenced settlement between the various automobile insurance companies and Ms. Charriere, Providence's agent, Kathleen Warren, acting in her capacity as a financial transactions specialist for Providence, sought reimbursement directly from the various automobile insurance companies. On October 29, 2007, Warren sent correspondence to State Farm Insurance Company's adjuster responsible for the liability portion of Ms. Charriere's claim for personal injuries. In that letter, Warren demanded reimbursement for medical expenses paid on Ms. Charriere's behalf pursuant to ORS 742.534.[1] Warren then sent correspondence to State Farm's adjuster responsible for administering underinsured motorist

---

[1] *See*, Corr. From Kathleen Warren to Lisa McAlpine, Oct. 29, 2007 attached as Ex. 101 to the Dep. of Kathleen Warren, June 16, 2009. (ORS 742.534 provides that a motor vehicle liability insurer shall reimburse a health insurer when it has provided benefits for expenses incurred as a result of the liability insurer's insured).

2  – **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

benefits under the terms of Ms. Cherriere's automobile insurance policy.[2]  Finally, Warren sent correspondence to Ms. Charriere indicating that it was seeking reimbursement for medical expenses paid on her behalf directly from State Farm Insurance Co.[3]  Those letters of correspondence represented Providence's "election of remedies," foreclosing its ability to seek reimbursement in any other manner.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, Answers to Interrogatories, and Admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ. 56(c).  A dispute about a material fact is considered genuine only if "there is sufficient evidence favoring the non-moving party before the court in which a jury would return a verdict for the party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 Led 2d 202 (1986).  Summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett.* 477 U.S. 317, 322 S.Ct. 2548, 91 Led 2d 265 (1986).

### IV. DISCUSSION

**A.    Plaintiff Elected to Seek Reimbursement Directly From State Farm Insurance Co. For Benefits Paid On Behalf Of Linda Charriere Pursuant to ORS 742.534, and is Precluded, Therefore, From Bringing the Present Lawsuit.**

ORS 742.534 provides in pertinent part:

---

[2] *See,*Corr. From Kathleen Warren to State Farm Insurance Co., Feb. 5, 2008 attached as Ex. 104 to the Dep. of Kathleen Warren, June 16, 2009.Aff. of Paul H. Krueger.
[3] *See,* Corr. From Kathleen Warren to Linda Charriere, Feb. 5, 2008 attached as Ex. 103 to the Dep. of Kathleen Warren, June 16, 2009.

3  – **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

> Every authorized motor vehicle liability insurer whose insured is
> or would be held legally liable for damages for injuries sustained
> in a motor vehicle accident by a person for whom * * * benefits
> have been furnished by an authorized health insurer, shall
> reimburse such other insurer for the benefits it has so furnished if it
> has requested such reimbursement, has not given notice as
> provided in ORS 742.536 that it elects recovery by lien in
> accordance with that section and is entitled to reimbursement
> under this section by the terms of its policy.

ORS 742.534.

In addition to "inter-company reimbursement," Oregon law also provides for

reimbursement by of lien on the underlying claim or legal action.  ORS 742.536 provides in

pertinent part:

> (2) [An authorized health insurer] may elect to seek reimbursement
> as provided in this section for benefits it has so furnished, out of
> any recovery under such claim or legal action, *if the insurer has
> not been a party to an interinsurer reimbursement proceeding with
> respect to such benefits under ORS 742.534* and is entitled by the
> terms of its policy to the benefit of this section.  *The insurer shall
> give written notice of such election within 30 days from the receipt*
> of notice or *knowledge of such claim or legal action to the person
> making claim* or instituting legal action and to the person against
> whom claim is made or legal action instituted, *by personal service
> or by registered or certified mail*.

ORS 742.536 (emphasis added).

Finally, ORS 742.021(1) provides:

> Insurance policies shall contain such standard or uniform
> provisions as are required by the applicable provisions of the
> Insurance Code.  However, the insurer may at its option substitute
> for one or more of such provisions corresponding provisions of
> different workding approved by the Director of the Department of
> Consumer and Business Services which are in each instance not
> less favorable in any respect to the insured or the beneficiary.

ORS 742.021(1).

In the underlying personal injury claim made by Ms. Charriere, Providence sought reimbursement through "inter-company reimbursement" pursuant to ORS 742.534. As noted above, Kathleen Warren, sent correspondence to both adjusters at State Farm demanding reimbursement pursuant to ORS 742.534. Furthermore, acting on behalf of Providence, she sent correspondence to defendant which notified her that they had elected to seek reimbursement directly from State Farm by way of inter-company reimbursement. As a result of electing reimbursement in that fashion, Providence precluded itself from seeking reimbursement from Ms. Charriere because it was "a party to an interinsurer, reimbursement proceeding with respect to such benefits under ORS 742.534." ORS 742.536.

In addition, if Providence chose to seek reimbursement under ORS 742.536, by way of a lien on Ms. Charriere's claim, it was required to provide notice of such interest within 30 days of discovering the existence of the claim and must do so by "personal service or by registered or certified mail." ORS 742.536. Providence failed to provide such notice. *See*, Aff. Of Paul H. Krueger.

The Oregon Court of Appeals recently weighed in on this issue in the case *Mid-Century Insurance Co. v. Turner*, 219 Or. App. 44, 182 P.3d 855 (2008). In that case, Mid-Century had provided Turner with personal injury protection (PIP) benefits when she was involved in a motor vehicle collision. Mid-Century, like Providence, chose to seek reimbursement through inter-company reimbursement pursuant to ORS 742.534 by recovering directly from the liability carrier, USAA. *Id.* at 47. USAA subsequently settled Turner's underlying claim for its policy limits of $25,000, by delivering a check for that sum to Turner's attorney. *Id.* at 48. Ten months later, Mid-Century discovered the settlement and instituted proceedings against Turner for reimbursement of $16,716.68 it paid in medical expenses on her behalf. *Id.*

5  – **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

After a lengthy discussion of the relationship between ORS 742.534, 742.536, 742.538

and 742.021, and the contract language at issue, the Court held that Mid-Century was not

entitled to reimbursement from Turner.  The Court looked at the language in the contract

between Mid-Century and Turner which provided for reimbursement of benefits paid as the

result of injuries caused by a third party.  That language would have allowed Mid-Century to

recover from Turner without complying with the procedural requirement of the statutes cited

above and "without sharing in the transactional costs of litigation * * *"  *Id.* at 58.  The Court

noted that the contract provision was less favorable than the statutory scheme, and thus

unenforceable pursuant to ORS 742.021.  *Id.*  The Court ultimately held as follows:

> The trial court correctly concluded that defendant did not breach its
> contract with plaintiff by reaching a settlement with USAA, given
> that it is undisputed that plaintiff did not utilize the means set forth
> in ORS 742.536 or ORS 742.538 to obligate defendant to protect
> plaintiff's interests in obtaining PIP reimbursement.

*Id. at 59.*

*Mid-Century v. Turner* is directly on point.  The factual circumstances of that case are

identical to the factual circumstances before the court.  In addition, the legal authority at issue

applies equally to PIP benefits as it does to benefits paid by a health insurer.  In enacting the

statutes at issue, the Oregon legislature intended for insurers to make an election of how they

will proceed in attempting to recover benefits paid on behalf of an insured, in instances where

there is third-party liability.

In this case, Providence chose to seek reimbursement through inter-company

reimbursement pursuant to ORS 742.534, as did Mid-Century. The health insurance carrier then

brought a breach of contract claim against Ms. Charriere for reimbursement under the

provisions of its contract, seeking the entire amount of the settlement. As in *Mid-Century*, the

contract language which provides for such a remedy is unenforceable pursuant to ORS 742.021, as being less favorable to the beneficiary than the statutory scheme.

## V. CONCLUSION

Consequently, plaintiff's claims against defendant Charriere are without merit. Defendant is entitled to  summary judgment of dismissal as a matter of law.

Respectfully submitted this 10th day of July, 2009.

PAUL KRUEGER LAW FIRM, P.C.

_____

Paul H. Krueger, OSB 80292
wrogers@paulkruegerlaw.com
Telephone:    (503) 222-0226
Facsimile:    (503) 222-0733

Of Attorneys for Defendant Linda Charriere

## CERTIFICATE OF MAILING

I certify that on  July 10, 2009, I served or caused to be served a true and complete copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the party or parties listed below as follows:

>Arden J. Olson
>Harrang Long Gary Rudnick, PC
>360 East 10[th] Avenue, Suite 300
>Eugene, OR 97401
>>Of Attorneys for Plaintiff Providence Health Plan

>John A. Riherd
>Harrang Long Gary Rudnick P.C.
>1001 SW Fifth Ave., 16th Floor
>Portland, OR 97204

\_\_X\_\_  First Class Mail, postage prepaid and deposited in the United States Mail

\_\_X\_\_  Email:  arden.j.olson@harrang.com

\_\_X\_\_  Email:  john.riherd@harrang.com

\_\_\_\_\_  Delivered Personally

\_\_\_\_\_  Delivered via messenger service

\_\_\_\_\_  Caused to be delivered personally by a member of my staff.

\_\_\_\_\_  Via facsimile transmission to: _____


>Paul H. Krueger
>wrogers@paulkruegerlaw.com
>Telephone:      (503) 222-0226
>Facsimile:      (503) 222-0733

>Of Attorneys for Defendant Linda Charriere