Arden J. Olson, OSB #870704
arden.j.olson@harrang.com
John A. Riherd, OSB #035616
john.riherd@harrang.com
Harrang Long Gary Rudnick P.C.
1001 SW Fifth Ave., 16th Floor
Portland, OR 97204
Telephone:   (503) 242-0000
Facsimile:   (503) 241-1458
Of Attorneys for Plaintiff
Providence Health Plan

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **PROVIDENCE HEALTH PLAN, an Oregon nonprofit corporation,**<br><br>         Plaintiff,<br><br>   vs.<br><br>**LINDA L. CHARRIERE and PAUL H. KRUEGER LAW FIRM, P.C.,**<br><br>         Defendants. | Case No. 3-08-CV-0872 HU<br><br>**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Providence Health Plan ("Providence") offers the following legal principles which establish that the facts demonstrated by the pleadings entitle Providence to a summary judgment in its favor on all of its claims in this action.

Page 1 – **PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

## FACTS

Providence is an Oregon nonprofit corporation doing business in Oregon. Declaration of Kathleen Warren ("Warren Dec."), ¶ 2. Providence is licensed by the State of Oregon as a health care service contractor under Oregon Revised Statutes, chapter 750, and is subject to those Oregon statutes that apply to such licensees under that chapter and under ORS 750.055, including ORS 742.538. *Id.*

On July 11, 2007, Linda Charriere ("Charriere") was involved in a motor vehicle accident. The operator of the other vehicle was at fault. As a result of the accident, Charriere suffered physical injuries and medical expenses totaling at least $243,863.85. *Id.* ¶ 3

At the time of the motor vehicle accident, Charriere was a member of Providence Health Plan by way of her husband's employer's group plan provided through the Harrison Electrical Workers Trust, subject to all its terms. Warren Dec., ¶ 4; Compl., Ex. 1; Answer, ¶ 2.

In connection with the group health plan, the controlling document is the Employer Group Contract (the "Plan") in force between Providence and Harrison Electrical Workers Trust. Warren Dec., ¶ 5; Compl., Ex. 1. The Plan contains the benefits provided by Providence and contains the responsibilities of Charriere as a Plan beneficiary. Warren Dec., ¶ 5.

In addition to the Plan, Charriere received a copy of Providence's Member Handbook (the "Handbook") which explains benefits provided by the Plan. *Id*. ¶ 7, Ex. 1.

The driver of the motor vehicle that hit and injured Charriere was insured through State Farm Insurance Company ("State Farm"). *Id*. ¶ 8. Charriere asserted a claim against the at-fault driver, and State Farm has paid Charriere and/or her attorney the

Page 2 –**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

policy limits of $50,000.00. Charriere was also insured for motorist coverage through State Farm. State Farm paid $15,000.00 under its personal injury protection ("PIP") coverage for medical and hospital expenses directly to providers on Charriere's behalf and $50,000.00 to Charriere or her attorneys for underinsured motorist coverage. Warren Dec., ¶ 8. Monies representing payment of all liability insurance coverage for the third party liable for the accident, and the underinsured coverage, have been deposited in trust by Charriere's attorneys. Defendant's Answer and Affirmative Defenses ("Answer"), ¶ 4.

Providence has paid $243,863.85 for Charriere's medical and hospital expenses associated with the accident. Warren Dec., ¶ 9. Providence has not received any payment from Charriere, either directly or from the settlement funds received and deposited with her attorneys, the at-fault driver, State Farm, or any other insurance carrier or health plan for Charriere's medical or hospital expenses associated with the accident. *Id.* ¶ 9.

State Farm agreed to pay both the $50,000.00 liability policy limits and the $50,000.00 underinsured policy limits to Charriere prior to the time she retained an attorney. Any attorney fees and expenses incurred by Charriere would have been incurred in an effort to resist the efforts by Providence to recover its claims payments for medical and hospital expenses made pursuant to the Plan. *Id.* ¶ 11.

## ARGUMENT

Providence brings claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, for recovery of amounts it paid for medical and hospital claims incurred by Charriere for treatment she received while she was covered by the Plan. Providence alleges a constructive trust in settlement proceeds received by or on behalf of Charriere. Providence also alleges a state law claim under breach of contract.

Page 3 –**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

Providence's claims against Charriere seek reimbursement for Providence's payment of Charriere's medical expenses in the amount of $242,018.15, which it paid for injuries sustained by her in the automobile accident on July 11, 2007. Compl., ¶¶ 1-2, 4-13, 15-18, 21, 23-25. Charriere has asserted an affirmative defense against Providence seeking to avoid or limit Charriere's obligation under the Plan to reimburse Providence for payment of her medical expenses. Answer, ¶¶ 19-23.

**A.    Providence is Entitled under ERISA to Recover the Full Value of Benefits Provided for Charriere's Medical Expenses under the Plain Terms of the Plan.**

A complete copy of the Plan in force between Providence and Harrison Electrical Workers Trust as of July 11, 2007, is attached as Exhibit 1 to the Complaint. In part, the Plan provides as follows:

> 8.4    THIRD-PARTY LIABILITY/SUBROGATION
>
> The following provisions will apply when *You* have received *Services* for a condition for which one or more third parties may be responsible. "Third Party" means any person other than *You* (the first party to this *Contract*), and *Providence Health Plan* (the second party), and includes any insurance carrier providing liability or other coverage potentially available to *You*. For example, uninsured or underinsured motorist coverage, whether under *Your* policy or not, is subject to recovery by *Us* as a third-party recovery. Failure by *You* to comply with the terms of this section will be a basis for *Us* to deny any claims for benefits arising from the condition or to terminate *Your* coverage under this *Group Contract* as specified in section 10.2. In addition, *You* must execute and deliver to *Us* or other parties any document requested by *Us* which may be appropriate to secure the rights and obligations of *You* and *Providence Health Plan* under these provisions.

Page 4 –**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

8.4.1   Third-Party Liability/Subrogation and How it Affects You

Third-party liability refers to claims that are the responsibility of someone besides *Providence Health Plan* or *You*. …

If *We* make claim payments on *Your* behalf for which a third party is responsible, *We* are entitled to be repaid for those payments out of any recovery from the third party.  *We* will request reimbursement from *You* or *Your* heirs, beneficiaries or relatives to the extent the third party does not pay *Us* directly, and *We* may request refunds from the medical providers who treated *You,* in which case those providers will bill *You* for their *Services*. "Subrogation" means that *We* may collect directly from the third party to the extent *We* have paid on *Your* behalf for third-party liabilities.  Because *We* have paid for *Your* injuries, *We,* rather than *You,* are entitled to recover those expenses.

…

8.4.2   Proceeds Of Settlement Or Recovery

To the fullest extent permitted by law, *We* are entitled to the proceeds of any settlement or any judgment that results in a recovery from a third party, whether or not responsibility is accepted or denied by the third-party for the condition.  *We* are entitled up to the full value of the benefits provided by *Us* for the condition, calculated using *Our* UCR charges for such *Services*, less the *Member's* out of pocket expenses.  Prior to accepting any settlement of *Your* claim against the third party, *You* must notify *Us* in writing of any terms or conditions offered in settlement and shall notify the third party of *Our* interest in the settlement established by this provision.

*You* must cooperate fully with *Us* in recovering amounts paid by *Us*.  If *You* seek damages against the third party for the condition and retain an attorney or other agent for representation in the matter, *You* must agree to require *Your* attorney or agent to reimburse *Us* directly from the settlement or recovery an amount equal to the total amount of benefits paid.

…

Page 5 –**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

> 8.4.3   Suspension Of Benefits And Reimbursement
>
> After *You* have received proceeds of a settlement or recovery from the third party, *You* are responsible for payment of all medical expenses for the continuing treatment of the illness or injury that *Providence Health Plan* would otherwise be required to pay under this *Group Contract* until all proceeds from the settlement or recovery have been exhausted.
>
> If *You* continue to receive medical treatment for the condition after obtaining a settlement or recovery from one (1) or more third parties, *We* are not required to provide coverage for continuing treatment until *You* prove to *Our* satisfaction that the total cost of the treatment is more than the amount received in settlement or recovered from the third party, after deducting the cost of obtaining the settlement or recovery.  *We* will only cover the amount by which the total cost of benefits that would otherwise be covered under this *Group Contract*, calculated using *Our* UCR charges for such *Services*, exceeds the amount received in settlement or recovery from the third party.  <u>*We* are entitled to reimbursement from any settlement or recovery from any third party even if the total amount of such settlement or recovery does not fully compensate *You* for other damages, particularly including lost wages or pain and suffering.  Any settlement arising out of an injury or illness covered by this *Group Contract* will be deemed first to compensate *You* for *Your* medical expenses, regardless of any allocation of proceeds in any settlement document that *We* have not approved in advance.  In no event shall the amount reimbursed to *Us* be less than the maximum permitted by law.</u>

Compl., Ex. 1 pp. 44-46 (underline emphasis added).

There is no question that, under the language of the Plan, Providence has a right to recover the full value of the medical expenses Providence paid for Charriere's treatment, to the maximum extent permitted by law, including recoveries Charriere received from underinsured or uninsured motorist policies from third parties.  Section 8.4 of the Plan defines "third parties" as including "any insurance carrier providing liability or other

Page 6 –**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR
      SUMMARY JUDGMENT**

coverage potentially available," including "uninsured or underinsured motorist coverage." Sections 8.4 and 8.4.2 of the Plan also clearly provide that Providence is entitled to the proceeds or to reimbursement from "any settlement or recovery from any third party … whether or not responsibility is accepted or denied by the third-party for the condition."

### 1.     Charriere's Claim of Unclean Hands has No Basis in Fact.

Charriere's First Affirmative Defense contends that Providence is not entitled to any equitable relief because Providence has "unclean hands." Answer, ¶¶ 19-20.

Charriere lacks a factual basis for this assertion. To prevail on an unclean hands defense, Charriere must "demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003), (citing *Levi Strauss & Co. v. Shilon,* 121 F.3d 1309, 1313 (9th Cir. 1997) (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987)). A core principle of the "clean hands doctrine" is that "those seeking [equitable relief] shall have acted fairly and without fraud or deceit as to the controversy in issue." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985) (citations omitted). Charriere has not alleged, nor is able to prove, any facts that demonstrate Providence acted in a fraudulent or deceitful manner. Instead, Charriere simply alleges that Providence has not fulfilled its statutory or contractual obligation to Charriere and her family. Answer, ¶ 17. Providence has fulfilled it contractual and statutory obligations to Charriere. Section 8.4.3 of the Plan ("Suspension of Benefits and Reimbursement") makes it clear that Providence was entitled to discontinue or to suspend coverage of benefits to Charriere after she received settlement proceeds from third parties:

Page 7 –**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

> If *You* continue to receive medical treatment for the condition after obtaining a settlement or recovery from one (1) or more third parties, *We* are not required to provide coverage for continuing treatment until *You* prove to *Our* satisfaction that the total cost of the treatment is more than the amount received in settlement or recovered from the third party, after deducting the cost of obtaining the settlement or recovery. *We* will only cover the amount by which the total cost of benefits that would otherwise be covered under this *Group Contract*, calculated using *Our* UCR charges for such *Services*, exceeds the amount received in settlement or recovery from the third party.

Compl., Ex. 1 p. 45. There is no factual basis for the allegation that benefits for any other family members have not been properly adjudicated by Providence.

Moreover, Charriere has not alleged any facts that suggest that Providence has acted fraudulently or deceitfully with relation to Providence's rights under ERISA or contract law, which is the controversy in issue. Thus, Charriere's first affirmative defense lacks substance and should be disregarded.

**2.    Charriere's Claim of Waiver has No Basis in Fact.**

Charriere's Second Affirmative Defense contends that Providence is not entitled to any recovery because Providence elected to limit its recovery to whatever remedies might exist under Oregon state law, and, therefore waived any rights of equitable recovery that exist under federal law. Answer, ¶¶ 22-23.

This assertion fails to recognize the provisions of ERISA that provide for federal jurisdiction for claims by an ERISA fiduciary to recover under 29 U.S.C. § 1132 (a)(3) and 28 U.S.C. § 1367 and state law claims under 28 U.S.C. § 1391(a). Under *Sereboff v. Mid-Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006) and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), Providence is entitled to money identified as being in possession of Charriere and as belonging in good conscience to Providence

where that money is clearly traceable to particular funds or property in the defendant's possession.  Charriere's attorney holds all of the insurance proceeds from the third-party liability carrier and underinsured motorist coverage in the attorney's trust account.  Answer, ¶ 4.  Those funds are being held pursuant to a Stipulated Ordered entered in this case on January 21, 2009.

Charriere's second affirmative defense, therefore, also lacks substance and should be disregarded.

### B.      Providence is also Entitled to Recover under Oregon Law for Breach of Contract.

Under the terms of the Plan, Charriere is obligated to repay Providence from any recovery, such as that from the third-party liability carrier and the underinsured insurer State Farm, in an amount up to the full value of the benefits provided.  *See* Compl. Ex. 1 at 8.4.  Charriere has refused to comply with the Plan, which requires payment to Providence of the full amount of the medical and hospital bills paid on behalf of Charriere, less a reasonable amount equal to Charriere's out-of-pocket expenses, if any, in obtaining a recovery.

Charriere did not incur any expenses for an attorney in obtaining the insurance proceeds.  State Farm tendered the entire $100,000.00 received by Charriere, and the PIP benefits were paid directly to providers, prior to Charriere hiring an attorney.  An attorney was hired by her to resist Providence's efforts to obtain reimbursement pursuant to the Plan, not to obtain insurance proceeds.  Warren Dec., ¶ 11.

Charriere's refusal to comply with the Plan constitutes a breach of contract, which may be asserted here as an ancillary claim for relief.  *Cf. Providence v. McDowell,* 385 F.3d 1168 (9th Cir. 2004), *cert. denied,* 544 U.S. 961 (2005) (ERISA plan may be enforced as contract right under state law in state court).  The difference is that ERISA

Page 9 –**PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

claims under *Sereboff*, *supra*, require that a plan trace the funds to the person currently in possession of them, and therefore a constructive trustee, whereas the breach of contract claim lies directly against the person obligated to perform.

As noted above, the Plan clearly states that Providence is entitled to be reimbursed from any settlement or recovery Charriere receives from a third-party, whether the third-party accepts or denies responsibility for the condition. *See* Sections 8.4.2 and 8.4.3. This includes the monies Charriere received from State Farm, whether it was pursuant to the at-fault party's liability policy or pursuant to any underinsured policy under which Charriere was covered. Charriere's refusal to comply is contrary to the plain language of the Plan and is merely an unsuccessful attempt to circumvent her contractual reimbursement obligations to Providence. Here, Charriere recovered monies from State Farm – a "third party" insurance carrier as defined under the plan – who issued the liability policy of the at-fault driver. She also received funds from State Farm as the underinsured motorist carrier for Charriere. Warren Dec., ¶ 8. As a matter of law, Charriere breached the Plan by failing to comply with the Plan's express and unambiguous reimbursement provisions. *See Yogman v. Parrott,* 325 Or 358, 361, 937 P2d 1019 (1997) (absent ambiguity, the court construes the words of a contract as a matter of law). Providence's common-law breach of contract claim is also consistent with ORS 742.538, which codifies Charriere's obligation to repay Providence, contrary to Charriere's attempts to avoid that obligation. Therefore, Providence is entitled to a summary judgment on its breach of contract claim.

## CONCLUSION

Providence is entitled to reimbursement for the full value of the medical expenses paid on Charriere's behalf, under ERISA and under the express terms of its contract with Charriere. Providence is so entitled, whether Charriere received her benefits from a

Page 10 –   **PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT**

liability, underinsured, or uninsured policy, calculated using Providence's UCR charges for such services, less a pro rata share of Charriere's expenses in collecting a recovery, if any.  The Plan makes plain that all the provisions of Oregon law are available to Providence, including ORS 742.538.

Providence is therefore entitled to summary judgment in its favor on its claims against Charriere.

DATED this 10th day of July, 2009.

HARRANG LONG GARY RUDNICK P.C.

By:   /s/ John A. Riherd
Arden J. Olson, OSB #870704
arden.j.olson@harrang.com
John A. Riherd, OSB #035616
john.riherd@harrang.com
Telephone:   (503) 242-0000
Facsimile:   (503) 241-1458

Of Attorneys for Plaintiff
Providence Health Plan

# CERTIFICATE OF SERVICE

I certify that on July 10, 2009, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT** on the party or parties listed below as follows:

    \_\_\_\_\_    Via CM / ECF Filing

    \_\_\_\_\_    Via First Class Mail, Postage Prepaid

    \_\_\_\_\_    Via Email

    \_\_\_\_\_    Via Personal Delivery

Paul H. Krueger
Paul H. Krueger Law Firm
The River Forum
4380 SW Macadam Avenue, Suite 310
Portland, OR 97239
  Attorneys for Defendant Linda Charriere

HARRANG LONG GARY RUDNICK P.C.

By: /s/ John A. Riherd
    John A. Riherd, OSB #035616
    john.riherd@harrang.com

    Of Attorneys for Plaintiff
    Providence Health Plan

P0175829.DOC;1

**CERTIFICATE OF SERVICE**