IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PROVIDENCE HEALTH PLAN, ) ) Plaintiff, ) ) v. ) ) LINDA L. CHARRIERE and PAUL ) H. KRUEGER LAW FIRM, P.C. ) ) Defendants. ) ) | No. CV-08-872-HU OPINION & ORDER |

John A. Riherd
Arden J. Olson
HARRANG LONG GARY RUDNICK P.C.
1001 S.W. Fifth Avenue, 16th Floor
Portland, Oregon 97204

    Attorneys for Plaintiff

Paul H. Krueger
PAUL KRUEGER LAW FIRM, P.C.
4380 S.W. Macadam Avenue, Suite 310
Portland, Oregon 97239

    Attorney for Defendant Charriere

HUBEL, Magistrate Judge:

    Plaintiff Providence Health Plan brought this action against

1 - OPINION & ORDER

defendant Linda Charriere[1], under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (ERISA). Following an October 13, 2009 Opinion & Order which granted in part and denied in part both plaintiff's and defendant's motions for summary judgment, and a settlement of all remaining issues except for attorney's fees, Judgment was entered on February 11, 2010.

Defendant now moves for an award of attorney's fees. The parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). I deny the motion.

## DISCUSSION

Plaintiff brought several claims in this action: a claim for constructive trust under 29 U.S.C. § 1132(a)(3), a supplemental state claim for breach of contract, and then separate claims for prejudgment interest and attorney's fees. Defendant brought four counterclaims: intentional infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, an action to recover insurance proceeds, and an action on an insurance contract.

The claims involved plaintiff's attempt to recover $100,000 paid by State Farm Insurance to defendant as a result of injuries defendant received in a car accident caused by a third party. The $100,000 represented $50,000 paid by State Farm to defendant as underinsured motorist coverage (UIM) under defendant's policy with State Farm, and $50,000 paid by State Farm as third party liability

---

[1] A Stipulation of Dismissal as to defendant Paul H. Krueger Law Firm, P.C., was entered on October 6, 2008 (dkt #6).

2 - OPINION & ORDER

coverage insurance because State Farm was third party's insurer.

In the pleading setting forth her Answer to the Complaint, and her counterclaims, defendant demanded a jury trial. Plaintiff moved to strike the jury trial demand on the basis that none of plaintiff's claims allowed a jury trial and all of defendant's claims should be preempted by ERISA. I agreed with plaintiff and granted plaintiff's motion in a May 5, 2009 Opinion & Order.

As explained more fully in that Opinion, I concluded that because all four counterclaims had a connection to, or referred to, the health insurance plan at issue in the ERISA claim, the counterclaims all "related" to the ERISA claim and were thus preempted by the ERISA claim. May 5, 2009 Op. & Ord. at pp. 10-11. Although the ruling came in the context of a motion to strike the jury demand for those claims, and thus did not formally dismiss them at the time, it is clear that the counterclaims were no longer in the case as of May 5, 2009.

The parties both moved for summary judgment on the ERISA claim. In the October 13, 2009 Opinion & Order, I concluded that plaintiff was entitled to summary judgment on the ERISA claim to the extent plaintiff sought recovery of the payment by State Farm to defendant of UIM proceeds. I concluded that defendant was entitled to summary judgment on the ERISA claim to the extent plaintiff sought recovery of the payment by State Farm to defendant of third party liability funds. Thus, I granted and denied each party's summary judgment motion.

Defendant now seeks attorney's fees pursuant to Oregon Revised Statute § (O.R.S.) 742.061 which provides that

[i]f settlement is not made within six months from the

3 - OPINION & ORDER

>     date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

O.R.S. 742.061(1).

In her Answer and Counterclaims, defendant pleaded entitlement to fees under O.R.S. 742.061(1) as part of her "Action to Recover Insurance Proceeds" and "Action on Insurance Contract" Counterclaims. Answer at ¶¶ 34, 37. However, as explained above, these claims were effectively dismissed from the case in May 2009 because they were preempted by the ERISA claim. Moreover, at summary judgment, neither party moved as to either of these claims, no decision was made about either of these claims, and defendant thus did not prevail on either of these claims. Because defendant did not prevail on the claims on which she sought O.R.S. 742.061 fees, she is not entitled to such fees.

Additionally, while defendant did prevail on a portion of plaintiff's ERISA constructive trust claim, defendant did not plead any entitlement to fees under the ERISA fee provision found at 29 U.S.C. § 1132(g), and she has not attempted to prove her entitlement to fees under that statute. Even if defendant had sought fees under section 1132(g), I would not exercise my discretion in favor of an award. For the reasons noted in the following paragraph, this action is not properly characterized as one brought by a participant or beneficiary to obtain unpaid benefits. Here, defendant received the funds and then her access to them was temporarily tied up because of the need to resolve a legitimate legal issue regarding which party should ultimately

4 - OPINION & ORDER

obtain the funds.  This is not a situation where attorney's fees should be awarded under section 1132(g).

Finally, even if the claims on which defendant pleaded a right to fees under O.R.S. 742.061(1) were not preempted, the statute would not apply here in any event.  By its terms, O.R.S. 742.061(1) gives an insured the right to collect attorney's fees from an insurer, including plaintiff, when a "proof of loss" is filed with the insurer and when an action against upon any policy of insurance is brought more than six months later and the insured's recovery exceeds the amount of any tender made by the insurer.  In the instant case, there is no evidence in the record showing that a proof of loss was ever filed and nothing to suggest that the claims in this case ever involved a dispute concerning any proof of loss defendant made against plaintiff.  Rather, the issue in this case concerned whether plaintiff was entitled to be reimbursed for the coverage it had already provided to defendant in the form of more than $240,000 in medical expenses, by the amounts that defendant successfully obtained from a third-party carrier.  By its terms, O.R.S. 742.061 applies when an insured has been denied the coverage the insured is entitled to under a policy it has with an insurer and then proves, in an action on that policy, the insurer's obligation to make payment to its insured.  The statute does not apply here.

/ / /
/ / /
/ / /
/ / /
/ / /

5 - OPINION & ORDER

CONCLUSION

Defendant's motion for attorney's fees (#68) is denied.

IT IS SO ORDERED.

Dated this __21st__ day of __May__, 2010.


                                            /s/ Dennis James Hubel
                                            Dennis James Hubel
                                            United States Magistrate Judge

6 - OPINION & ORDER